UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| F. H. PASCHEN, S.N. NIELSEN<br>& ASSOCIATES, LLC | CIVIL ACTION |
| VERSUS | NO. 13-CV-5983 |
| VEOLIA WATER NORTH AMERICA<br>OPERATING SERVICES, LLC AND VEOLIA<br>WATER NORTH AMERICA-SOUTH, LLC | SECTION: "C" (5) |

ORDER AND REASONS

Before this Court is plaintiff's brief regarding whether Kohler Rental Power, Inc. ("Kohler") is an indispensable party whose presence would deprive the Court of subject matter jurisdiction over this case, defendants having filed no brief. Rec. Doc. 38. Having considered the record, the memoranda of counsel, and the law, this Court has determined that the joinder of Kohler as an additional defendant is appropriate for the reasons discussed herein.

I.  BACKGROUND

This action arises out of damage to scaffolding owned by F. H. Paschen ("FHP") that occurred when Hurricane Isaac made landfall in August 2012. Rec. Doc. 1-1 at 4-6. According to FHP, it had contracted to perform work at the East Bank Wastewater Treatment Plant ("Treatment Plant") in New Orleans, Louisiana at the time, and had placed equipment including scaffolding at the work site. *Id*. at ¶9-10. Defendants do not dispute that the Treatment Plant was operated by Veolia Water North America-South, LLC pursuant to a contract with the New Orleans Sewerage and Water Board ("SWB"). *Id*. at ¶12. According to FHP, when Hurricane

Isaac hit, the Treatment Plant overflowed, and FHP's scaffolding was commandeered and used without authorization by Veolia, becoming damaged beyond repair. *Id*. at ¶18-22.

This action was originally initiated in a Louisiana state court on August 13, 2013. Rec. Doc. 1-1. Veolia Water North America Operating Services, LLC and Veolia Water North America-South, LLC ("Veolia") subsequently removed the action to this Court, claiming jurisdiction under 28 U.S.C. §1332. Rec. Doc. 1. According to FHP, after commencing discovery, Veolia identified Kohler Rental Power, Inc. ("Kohler") as a potentially liable party. Rec. Doc. 38 at 3.

On May 8, 2014, the Court granted leave for plaintiff to file an amended complaint. Rec. Doc. 19. The amended complaint added *inter alia*, Kohler, as a defendant to the action. *Id*. FHP alleged in the amended complaint that Kohler leased a backup generator to Veolia and/or the Sewerage and Water Board for use at the Treatment Plan, and that the failure of that generator allowed the Treatment Plant to flood. Rec. Doc. 20 at 5, ¶25, 32. Thereafter, on August 7, the Court vacated the order granting leave to file the amended complaint because Kohler and the plaintiff were non-diverse. Rec. Doc. 34. On September 15, the Court continued the trial and ordered that the parties submit briefing as to the issue of whether Kohler is an indispensable party under Fed. R. Civ. P. 19, whose presence would deprive the Court of subject-matter jurisdiction over this case. Rec. Doc. 37.

## II.  LAW AND ANALYSIS

28 U.S.C. §1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Leave to amend is not automatic, and is at the discretion of the district court. *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). In *Hensgens v. Deere & Co.*, the Fifth Circuit set out factors for district courts to consider when

deciding whether to allow the addition of a non-diverse party following removal. These include: 1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, 2) whether plaintiff has been dilatory in asking for amendment, 3) whether plaintiff will be significantly injured if amendment is not allowed, 4) and any other factors bearing on the equities. 833 F.2d 1179, 1182 (5th Cir. 1987). In that case, the Fifth Circuit also discussed the danger of parallel federal and state proceedings, with its "inherent dangers of inconsistent results and the waste of judicial resources," and weighed these against the diverse defendant's interest in retaining the federal forum. *Id*.

  Here, FHP points to ongoing litigation in state court involving the parties named in this action. Rec. Doc. 38 at 4. On March 6, 2014, the Sewerage and Water Board filed suit against FHP in the Civil District Court for the Parish of Orleans, claiming damages during Hurricane Isaac arising from FHP's work. Rec. Doc. 25-2. FHP has filed a Third Party Demand in this action, naming Veolia and Kohler, *inter alia*, as third party defendants. Rec. Doc. 38-1 at 7. The Third Party Demand makes allegations and claims that are substantially similar to those made in the recently vacated amended complaint in this action. *Id*. Furthermore, like the instant action, the state court action arises from the conduct of the parties that resulted in damage at the Treatment Plant during Hurricane Isaac.

  Without reaching the question of whether Kohler is an indispensable party, the Court finds that joinder of Kohler is appropriate. *See Hensgens*, 833 F.2d at 1182 ("[T]he balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party.") Applying the *Hensgens* factors, the Court finds that there is no indication that Kohler has been added solely to defeat federal jurisdiction or that FHP was dilatory in asking for leave to file an amended complaint joining Kohler. However, were the Court to refuse joinder of Kohler in order to retain jurisdiction over the action, all parties would

be subject to duplicative and piecemeal litigation that risks inconsistent results. *See Lafourche Parish Water Dist. no. 1 v. Traylor Bros., Inc.*, (E.D. La. 2009) ("[A]bsent joinder, plaintiff will be forced to litigate in both state and federal courts simultaneously, which would waste resources for the parties, as well as the state and federal courts.") Thus, the Court finds that the *Hensgens* factors and the equities weigh in favor of allowing joinder of Kohler and remanding this action to the state court.

### III.  Conclusion

Accordingly,

IT IS ORDERED that within ten days plaintiff seek leave of the Court to file an amended complaint joining Kohler as an additional defendant in this action.

New Orleans, Louisiana this 2nd day of December, 2014.

_____
**HELEN G BERRIGAN**
**UNITED STATES DISTRICT JUDGE**